PETER C. ANDERSON
UNITED STATES TRUSTEE
CAMERON M. GULDEN, SBN MN 310931
ASSISTANT UNITED STATES TRUSTEE
PHILLIP J. SHINE, SBN CA 318840
TRIAL ATTORNEY
**U.S. DEPARTMENT OF JUSTICE**
Office of the United States Trustee
450 Golden Gate Ave., Rm. 05-0153
San Francisco, CA 94102
Telephone: (415) 705-3333
Email: phillip.shine@usdoj.gov

Attorneys for the United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

In re

C & C SECURITY PATROL, INC.,

              Debtor.

)
)
)
)
)
)
)
)
)

Case No. 26-40766-WJL
Chapter 11, Subchapter V

**UNITED STATES TRUSTEE'S REPLY TO DEBTOR'S MEMORANDUM IN
SUPPORT OF THE EMPLOYMENT APPLICATION OF ROBERT L. GOLDSTEIN**

    Peter C. Anderson, United States Trustee for Region 17 ("**U.S. Trustee**"), by and through

his undersigned counsel, hereby files this *Reply to Debtor's Memorandum in Support of the*

*Employment Application of Robert L. Goldstein* (the "**Reply**"), and represents as follows:

    1.    The U.S. Trustee filed his *Objection to the Employment Application of Robert L.*

*Goldstein* (the "**Objection**") on May 20, 2026.  Dkt. No. 31.  The first basis for opposing Mr.

Goldstein's employment application (Dkt. No. 29) was counsel's admission to having an

"actual conflict" from his representation of creditor Armed Forces Security, Inc. ("**Armed**

**Forces**").  The second basis for opposition was counsel's failure to demonstrate an ability to

provide adequate representation, which was primarily raised because counsel had not timely

filed motions for authority to use cash collateral and pay prepetition wages.

//

1

Case: 26-40766   Doc# 36   Filed: 06/02/26   Entered: 06/02/26 11:55:58   Page 1 of 4

2. Proposed counsel's supporting memorandum (the "**Supporting Memorandum**") explains that Armed Forces is only represented in "payment plan negotiations with the IRS and the EDD" and that there is no actual conflict. Dkt. No. 35 at 5. But the declaration of Mr. Couoh filed with the Supporting Memorandum does not provide evidence of these new facts. *See* Dkt. No. 35-1.

3. Last week the U.S. Trustee requested that Debtor's counsel provide information regarding the full scope of representation for Armed Forces, along with time periods and any compensation. That information has largely not been provided.

4. It is also unclear why counsel previously described the representation of Armed Forces as an "actual conflict;" why counsel attributed the late discovery of that representation to an "emergency filing" despite counsel having represented Debtor since November 2024 and having listed Armed Forces on the petition; and why counsel thought the representation of Armed Forces was a conflict needing to be waived. The U.S. Trustee requested a copy of the written waiver that Mr. Couoh allegedly executed (*See* Dkt. No. 29-1, ¶ 15), but counsel has not provided that document.

5. Assuming that counsel only represented Armed Forces in negotiations with the IRS and EDD regarding tax matters, then there may not be an actual conflict. But the lack of complete disclosure and proper evidence makes this determination challenging.

6. The Supporting Memorandum also does not specifically respond to the U.S. Trustee's argument regarding competency. No additional information was provided regarding successful chapter 11 cases and a motion seeking authority to use cash collateral has not been filed. While counsel represented at the prior status conference that prepetition wages may not have been paid, contrary to Mr. Cuouh's section 341 testimony, counsel has not provided

Case: 26-40766    Doc# 36    Filed: 06/02/26    Entered: 06/02/26 11:55:58    Page 2 of 4

documentary support or other evidence despite multiple requests by the U.S. Trustee.  The schedules report several claims for unpaid wages (Dkt. No. 18 at 13-22); it is unclear if these schedules are just wrong or whether the employees have just gone unpaid, but neither of those options is a good result for Debtor.

7.       Proposed counsel argues that a "debtor as party retains a right to its own counsel balanced against the needs of efficient judicial administration, duties under the Code and the client's expectations that the attorney will exercise independent judgment on its behalf."  Dkt. No. 35 at 5:10-13.  But neither of the cases cited for this proposition interpreted the Bankruptcy Code or analyzed whether employing counsel was in the best interest of the estate.  The court in *Trone* reviewed fiduciary obligations and professional responsibilities owed by an attorney representing parties in a civil suit for securities violations and related claims (and the plaintiffs happened to be bankruptcy trustees).  *Trone v. Smith*, 621 F.2d 994, 996 (9th Cir 1980).  The court in *Emle Industries, Inc.,* reviewed the rules of professional responsibility in New York.  *Emle Industries, Inc., v. Patentex, Inc.,* 478 F.2d 562, 564 (2d Cir. 1973).

8.       As noted in the Objection, "Section 327(a) allows the bankruptcy court to determine whether the attorney selected by the DIP is competent and whether his or her services are in the best interest of the estate." *Shat v. Kistler (In re Shat)*, 2009 WL 7809004, at *5 (9th Cir. BAP, Nov. 25, 2009) (citing *In re Kroeger Properties and Development, Inc*., 57 B.R. 821, 823 (9th Cir. BAP, 1986).  Given the absence of evidence regarding counsel's experience and based on counsel's performance thus far, it appears that his employment poses an extreme risk of a costly and unsuccessful bankruptcy, and is not in the best interest of the estate.

//

//

Case: 26-40766    Doc# 36    Filed: 06/02/26    Entered: 06/02/26 11:55:58    Page 3 of 4

9.     Based on the foregoing, the Objection should be sustained and proposed counsel's employment application should be denied.

Dated: June 2, 2026                                    PETER C. ANDERSON
                                                                   UNITED STATES TRUSTEE

                                                          By:     /s/ *Phillip J. Shine*
                                                                   Phillip J. Shine
                                                                   Trial Attorney for United States Trustee

4

Case: 26-40766     Doc# 36     Filed: 06/02/26     Entered: 06/02/26 11:55:58     Page 4 of 4